McKinney, J.,
delivered the opinion of the court.
This is a contest respecting the right of succession to the estate of Stephen B. Jordan, who departed this life intestate, in Gibson county, in the year 1848.
The intestate died without issue, never having been married, seised and possessed of certain real property lying in Gibson county, which descended to him from his father Stephen Jordan.
The plaintiffs in the petition, are the uncles and aunts of the intestate, on the paternal side; and the defendants are the maternal brothers and sister of the half blood — the issue of a subsequent marriage between Mary Jordan, (widow of Stephen Jordan, and mother of the intestate,) andE. P. Bryan, who are also defendants to the petition.
The plaintiffs claim that, as the estate was derived by descent from the ancestor of the intestate, they are entitled to inherit the same in preference to the half blood of the maternal line, upon the ground that the former are, and the latter *470 are not, of the blood of the ancestor from whom it descended.
The determination of this question must be governed by the proper construction of the act of 1784, chap. 22, § 3, which declares, that “If any person dying intestate should, at the time of his or her death, be seised or possessed of, or have any right, title or interest in or to any estate, or inheritance in lands, or other real estate, in fee simple, and without issue’ such estate or inheritance shall descendió his or her brothers; and for want of brothers, to his or her sisters, as well those of the half blood as those of the whole blood, to be divided among them equally, share and share alike, as tenants in common, and not as joint tenants; and each and every of them, shall have, hold and enjoy, in their respective parts or portions, such estate or inheritance as the intestate died seised or possessed of or entitled unto. Provided, that when the estate shall have descended on the part of the father, and the issue to whom such inheritance shall have descended, shall die without issue, male or female, but leaving brothers or sisters of the paternal side of the half blood, and brothers or sisters of the maternal line, also of the half blood; such brothers and sisters respectively of the paternal line shall inherit, in the same manner as brothers and sisters of the whole blood, until such paternal line is exhausted of the half blood; and the same rule of descent and inheritance shall prevail amongst the half blood of the maternal line, under similar circumstances, to the exclusion of the paternal line.”
The enacting clause of this section, it will be observed, is general and very comprehensive. In terms, it embraces the case of every person dying intestate seised of an inheritance, regardless of whether it had been acquired by descent or purchase, and alike regardless of the source of the intestate’s title. It places the whole and half blood upon precisely equal footing, and does not distinguish between the half blood of the paternal and maternal lines; and but for the restrictive *471 qualification found in the proviso, both would stand in exactly equal right to the inheritance, in all respects, without regard to whether the intestate had acquired the estate by descent or purchase, or whether it had descended from the paternal or maternal ancestor.
But by the proviso, if the estate came to the intestate by descent, and there be brothers or sisters of the half blood, both of the paternal and maternal lines, the half blood of the line from which it descended shall be preferred, until such line shall be exhausted of the half blood, in exclusion of the other line.
But it is assumed for the plaintiffs, that the preference given by this proviso to the kindred on the side of the ancestor from whom the estate descended, by necessary implication excludes the half blood on the other side, not merely until the former line of brothers and sisters is exhausted, but until the whole line of kindred of the blood of the ancestor from whom the estate descended, whether in the ascending or descending line, shall be exhausted of the most remote collateral relations.
Such a construction, we think, would be doing violence to the obvious letter and meaning of the section under consideration; and would defeat in a great degree its avowed object.
It is apparent that the Legislature fully understood the import and effect of the unqualified provision contained in the enacting clause — that it -placed the half blood on both sides on a footing of perfect equality with each other, and also with the whole blood, irrespective of how the estate had been acquired by the intestate. Hence the exception or qualification which it was thought proper to incorporate into the proviso, the extent of which is only to exclude, or rather to postpone the half blood of the line from which the estate did not descend, until the line of brothers and sisters from which the *472 inheritance descended, is exhausted. There is not only nothing- in the proviso which indicates that it was designed to carry the exclusion of the former further than this; but the conclusion seems almost irresistable, from the words “until such line is exhausted of the half blood,” that the Legislature meant only the line of brothers and sisters of the blood of the ancestor from whom the estate had descended, and not the whole line of collateral kindred; and that upon such line of brothers and sisters being exhausted, the half blood of the other line should be let into the succession and inheritance of the estate. Such, we think, is the proper construction of the section in question. And from this it results, that not only where the line of brothers and sisters of the half blood, on the part of the ancestor from whom the estate descended, is exhausted, that it shall descend to the half blood of the other line, but likewise, where the intestate died without brothers or sisters of the whole or half blood, on the side of the parent from whom the inheritance came, but having brothers or sister’s of the half blood of the other line, the latter will inherit such estate.
It need scarcely be remarked, that if the estate were acquired by purchase, the proviso in question has no application, and the estate will go equally to the half blood/of both lines.
Judgment affirmed.